UNITED STATES of America, Plaintiff,

v.

Victor Manuel VALLE–LASSALLE (01); Jose Rodriguez–Marrero (02), Defendants.

No. CRIM. 97–284(JAF).

United States District Court, D. Puerto Rico.

Feb. 16, 1999.

Luz M. Rios–Rosario, San Juan, Jayne Weintraub, Miami, FL, for Victor Manuel Valle–Lassalle.

Steven Potolsky, Miami, FL, Juan R. Acevedo–Cruz, Hato Rey, for Jose Rodriguez–Marrero.

## OPINION AND ORDER

FUSTE, District Judge.

Defendants, Víctor Manuel Valle–Lassalle and José Rodríguez–Marrero, request this court to declare the death penalty inapplicable in this case because of the Government's alleged violation of Local Rule 428.

### I.

■ As we have noted in previous capital cases, *see, e.g., United States v. Colon–Miranda,* 985 F.Supp. 36, 37 (D.P.R.1997); *United States v. Colon–Miranda,* 985 F.Supp. 31, 32 (D.P.R.1997), we must evaluate the parties' motions with extreme care in light of the gravity of the case, mindful that "[t]here is no question that death as a punishment is unique in its severity and irrevocability." *Gregg v. Georgia,* 428 U.S. 153, 187, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) (citing *Furman v. Georgia,* 408 U.S. 238, 286–91, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) (Brennan, J., concurring)). The court must be particularly vigilant in a capital case to be sure that every safeguard is observed. *Powell v. Alabama,* 287 U.S. 45, 71, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

### II.

At a status conference held on April 13, 1998, we ordered the Government to provide its notice of intent to seek the death penalty ("Notice") no later than December 14, 1998. We stated that the Government's failure to provide its Notice by that date would cause the case to be treated as an ordinary felony case.

On the date of the deadline, December 14, 1998, at 4:03 P.M., the Government filed a request for an extension of time to file its Notice. In its request for an extension of time, the Government stated that it did not wish to delay the proceedings, but was still awaiting a decision from the Department of Justice in Washington, D.C., regarding whether to pursue the death penalty with respect to certain Defendants. On December 17, 1998, we granted the Government's request, thereby modifying our April 13, 1998 order, and extended the Government's deadline until that same day, December 17, 1998.[1]

As instructed, on December 17, 1998, the Government filed its Notice with the court and provided a copy to defense counsel the following day at a status conference. In its December 17, 1998 Notice, the Government announced its intention to seek the death penalty for Defendants Valle–Lassalle and Nicholas Peña–González for the murder of Roberto Rodríguez–Torres, in violation of 18 U.S.C. § 924(c), (j); Defendants Valle–Lassalle, Rodríguez–Marrero, and Heriberto Nieves–Alonzo for the murder of Edward Llaurador, in violation of 18 U.S.C. § 1512(a); and Defendants Valle–Lassalle and Rodríguez–Marrero for the murder of Edward Llaurador, in violation of 21 U.S.C. § 848(e).

### III.

All capital cases in the District of Puerto Rico must comply with Local Rule 428, enti-

---

1. Defendants object that by the time the court ruled on the Government's motion, they had not yet received a copy of it and, therefore, never had the opportunity to oppose it. Even without having heard Defendants voice their objections to the continuance, it was obvious at that time that Defendants would have objected. Moreover, courts routinely decide matters involving continuances without the input of both parties, especially when the continuance causes only a short delay, as did the one here.

tled "Appointment of Counsel and Case Management in Capital Cases." *United States v. Colon–Miranda,* 985 F.Supp. 31 (D.P.R. 1997). Local Rule 428 necessitates that the prosecutor file a Certificate of Death Penalty Case in any case in which the maximum possible ˙penalty is death. Local Rule 428(2)(A). Specifically, Local Rule 428 provides, in relevant part:

> (11) Initial Status Conference and Case Management Schedule
>
> (B) Upon the return or unsealing of an Indictment in a capital case, the following terms and conditions shall be strictly enforced:
>
> (1) Defense counsel may present, within ninety (90) calendar days, to the United States Attorney and the Attorney General, all mitigating factors and factual reasons as to why the death penalty should not be sought.
>
> (2) After the first ninety (90) calendar days have elapsed, the government shall conclude, within the next sixty (60) calendar days, the preparation of its Death Penalty Evaluation form and prosecution memorandum to the Attorney General. The government shall append the defendant's memorandum described above to its prosecution memorandum.
>
> (3) If the government intends to seek the death penalty, the United States Attorney shall file a final Notice of Intent to Seek the Death Penalty within thirty (30) calendar days after submission of the Death Penalty Evaluation form and prosecution memorandum to the Attorney General.
>
> (C) The aggregate term of one-hundred and eighty (180) calendar days contemplated in Local Rule 428(B)(1)-(3) will not be extended by the Court. The government's failure to file a final Notice of Intent to Seek the Death Penalty within the specified maximum term, will cause the criminal matter to be treated as an ordinary felony case.
>
> (D) None of the above-mentioned terms shall impede the court from issuing an order at an early status conference requiring the government to file any notice of intent to seek the death penalty by a certain date.

Local Rule 428(11)(B)–(D).

■ Defendants Rodríguez–Marrero and Valle–Lassalle ("Defendants") move this court to declare the death penalty inapplicable on the basis of the Government's failure to file its Notice on the original deadline. Defendants suggest Local Rule 428(11)(C) forbids the court from granting an extension to the Government, and that the three-day extension of the deadline for the Government to file its Notice from December 14, 1998 to December 17, 1998 violated Local Rule 428. We disagree.

We have carefully reviewed the plain language of the Rule. Within ninety days from the indictment, defense counsel may present to the United States Attorney and the Attorney General, all mitigating factors and factual reasons as to why the death penalty should not be sought. *See* Local Rule 428(11)(B)(1). Ninety days after the indictment, the clock begins to run again and the government has sixty days from then, *i.e.,* between ninety and one-hundred and fifty days after the indictment, during which it must prepare its Death Penalty Evaluation form and prosecution memorandum to the Attorney General. *See* Local Rule 428(11)(B)(2). Then, if the government intends to seek the death penalty, it must file its Notice within thirty days after its submission of the Death Penalty Evaluation form and prosecution memorandum to the Attorney General. *See* Local Rule 428(11)(B)(3).

Local Rule 428(11)(D) merely grants the district court power to set an early deadline for the Government to file its Notice. In other words, Local Rule 428 should not be read to grant the Government a minimum amount of time in which it may file its Notice. Rather, the Government must file its Notice as early as the court orders.

Local Rule 428(11)(C) simply qualifies the district court's power ˙to modify the deadlines. ˙It grants the district court the discretion to modify its order and grant an extension regarding the Government's deadline to provide Notice, *so long as* the district court does not extend the deadline to file the Notice beyond one-hundred and eighty days

since the indictment. *See* Local Rule 428(11)(C).

The grand jury issued the superseding indictment as to Defendants Valle–Lassalle and Rodríguez–Marrero on July 15, 1998. One-hundred and six days after the superseding indictment, on October 29, 1998, the Government concluded its preparation of the Death Penalty Evaluation form and prosecution memorandum (the "Evaluation form") to the Attorney General, in accordance with Local Rule 428(11)(B)(2). On December 17, 1998, we granted the Government's request and permitted it to file its Notice on that same day.

The three-day extension which we granted the Government to file its Notice included a Saturday and Sunday, and did not extend the deadline to file beyond January 11, 1999, *i.e.,* beyond one-hundred and eighty days after the indictment. *See* Local Rule 428(11)(C). Therefore, even by filing its Notice on December 17, 1998, the Government was still within the proper filing period as designated by Local Rule 428(11)(C); *i.e.,* the Government filed its Notice less than one-hundred and eighty days after the indictment. *See* Local Rule 428(11)(C).

Lastly, we add that nowhere does Local Rule 428 provide that the district court cannot modify a previous order and extend time to the Government to file Notice.

### IV.

In light of the foregoing, Defendants' motion to declare the death penalty inapplicable in this case is **DENIED.**

**IT IS SO ORDERED.**