354 F.Supp.2d 104 (2005)
UNITED STATES of America, Plaintiff,
v.
Lorenzo CATALÁN-ROMÁN, et al., Defendants.
No. CRIM. 02-0117(PG).
United States District Court, D. Puerto Rico.
January 26, 2005.
Juan E. Alvarez-Cobian, Juan E. Alvarez Law Office, San Juan, PR, Fletcher Peacock, Federal Public Defender, Middle District of Florida, Orlando, FL, Donald R. West, Federal Public Defender's Office, Orlando, FL, for Hernando Medina-Villegas (3), Defendant.
Gustavo A. Del-Toro-Bermudez, San Juan, PR, PHV Steven Potolsky, Steven M. Potolsky, PA, Miami, FL, for Lorenzo Vladimir Catalan-Roman (1), Defendant.
Joseph C. Laws, Federal Public Defender's Office, Hato Rey, PR, Juan F. Matos-De-Juan, Federal Public Defender's Office, Hato Rey, PR, David W. Roman, Brown & Ubarri, San Juan, PR, for Quester Sterling-Suarez (2), Defendant.
William D. Matthewman, Seiden, Alder & Matthewman, Boca Raton, FL, Juan A. Pedrosa-Trapaga, Juan A. Pedrosa Law Office, San Juan, PR, for David Morales-Machuca (4), Defendant.
Bruce J. McGiverin, San Juan, PR, Jayne Weintraub, International Place, Miami, Fl, for Pablo Sanchez-Rodriguez (5), Defendant.
Maria Dominguez-Victoriano, United States Attorney's Office, Torre Chardon, *105 San Juan, PR, Ginette L. Milanes, United States Attorney's Office, San Juan, PR, Lisa Snell-Rivera, United States Attorney's Office, Torre Chardon, San Juan, PR, Edwin O. Vazquez-Berrios, United States Attorney's Office, Torre Chardon, San Juan, PR, for USA, Plaintiff.
Pretrial Services, U.S. Pretrial Services, San Juan, for USA, Plaintiff.

OPINION AND ORDER
PEREZ-GIMENEZ, District Judge.
This matter is before the Court on motion titled "Capital defendants' Joint Motion for Empanelment of Dual Juries (Severance)" filed by co-defendants Lorenzo Vladimir Catalan-Roman and Hernando Medina-Villegas. (Docket No. 288.) Codefendants argue that to protect their Eight Amendment right to an individualized sentence the Court should empanel two juries, one for each defendant, for both the guilt phase and the penalty phase of the case.
The government opposes co-defendants' request arguing that the interests of the government, the victims, and the witnesses as well as the overall interests of justice weigh heavily in favor of a joint capital sentencing hearing just as those interests strongly support a joint guilt phase. (Docket No. 302.)
Upon reviewing the parties motions, the record of the case, as well as the applicable case law, the Court DENIES co-defendants' joint motion.

DISCUSSION
Defendants argue that pursuant to Rule 14 of the Federal Rules of Criminal Procedure[1] the Court should empanel two juries to safeguard any potential prejudice to defendants' Eight Amendment right to an individualized sentence. They claim that it is extremely difficult to achieve individualized sentencing in a joint penalty phase for a number of reasons. First, that the aggravating factors set forth in the Government's Notice of Intent to Seek a Sentence of Death illustrate the "grouping together" of the defendants that will invariably occur in a joint trial and would present a risk to their right of an individualized sentencing determination. In other words, that the jury might improperly consider the aggravating factors that exist as to one defendant applicable to the other defendant. Secondly, that any mitigating evidence brought on behalf of one defendant may prejudice the other defendant and may be diluted if presented to the same jury. Accordingly, defendants seek to have dual juries empaneled in order to have a fair trial and unprejudiced penalty hearings.
At the outset, the Court notes that neither death-penalty statute specifically addresses the present situation in which multiple defendants have been or may be convicted by the same jury of crimes that carry a possible death sentence. Nevertheless, the current weight of authority is against severance of multiple defendants' trials at the penalty phase[2]. Ultimately, it is within the Court's discretion to grant *106 such a petition. See Zafiro v. United States, 506 U.S. 534, 538-39, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.")
A review of the government's Notice of Intent to Seek the Death Penalty (Docket No. 149) shows that the aggravating factors are the same for both co-defendants. Thus there is no prejudice to defendants inasmuch as the jury will hear the same aggravating factors as to both defendants. Regarding the mitigating evidence issue, it is well-settled that mutually antagonistic defenses are not prejudicial per se. Zafiro, 506 U.S. at 538, 113 S.Ct. 933. Furthermore, the Court cannot determine at this time whether either defendant will be prejudiced by mitigating evidence to be presented. Nevertheless, the Court is mindful of the possibility of dilution and confusion to the jury regarding this matter[3].
Notwithstanding, upon carefully reviewing the applicable case law, the Court finds that there is no need to empanel two juries for the guilt phase of the trial. If and when the case reaches the penalty stage, the Court may consider several alternatives to cure any possible prejudice to the defendants thus safeguarding their right to individual sentencing determinations.
If the jury finds defendants guilty and the case proceeds to the penalty phase, the Court may give specific and frequent instructions to the jury as to the need to give each defendant's case an individualized consideration. See Tipton, 90 F.3d at 892 (The Court of Appeals found no abuse of discretion in having a single jury find three co-defendants guilty and then sentencing them to death. The Court found that the "frequent instructions on the need to give each defendant's case individualized consideration sufficed to reduce the risk [of prejudice] to acceptable levels."). See also Zafiro, 506 U.S. at 539("When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, ... but, ... less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. Moreover, even if there were some risk of prejudice, ... it ... can be cured with proper instructions, and `juries are presumed to follow their instructions.' Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts") (internal citations omitted); United States v. Edelin, 118 F.Supp.2d 36 (D.D.C.2000).
Another option is to hold sequential penalty hearings. See United States v. McCullah, 76 F.3d 1087 (10th Cir.1996); United States v. Davis, 904 F.Supp. 554 (1995). Either alternative would cure possible prejudice to the defendants while keeping with the government's interest of avoiding split trials, at least at the guilt phase.
In sum, defendants' arguments fail to show a risk of prejudice that would require dual juries for the guilt phase. Accordingly, the Court finds no reason why it should empanel two juries to see this trial. Defendants contentions relate solely to the penalty phase and not the guilt phase. *107 Accordingly, the Court shall address them if and when the time comes[4].

CONCLUSION
In view of the foregoing, co-defendants request is DENIED. The Court shall empanel one jury for both capital defendants' guilt phase and make any further determination regarding the penalty phase if and when the case reaches that stage.
IT IS SO ORDERED.
NOTES
[1] Rule 14 of Federal Rules of Criminal Procedure reads in relevant part: "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires".
[2] See United States v. Tipton, 90 F.3d 861, 892(4th Cir.1996). See also, United States v. Villarreal, 963 F.2d 725 (5th Cir.1992)

Moreover, "underlying the [government's] interest in a joint trial is a related interest in promoting the reliability and consistency of its judicial process ... In joint trials, the jury obtains a more complete view of all the acts underlying the charges than would be possible in separate trials. From such a perspective, it may be able to arrive more reliably at its conclusions regarding the guilt or innocence of a particular defendant and to assign fairly the respective responsibilities of each defendant in the sentencing". Buchanan v. Kentucky, 483 U.S. 402, 418, 107 S.Ct. 2906, 97 L.Ed.2d 336 (1987)(emphasis ours).
[3] The Court is aware that "death as a punishment is unique in its severity and irrevocability." Gregg v. Georgia, 428 U.S. 153, 187, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) (citing Furman v. Georgia, 408 U.S. 238, 286-91, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972)). As such, and in light of the gravity of capital cases, the court must evaluate the parties' motions with extreme care. United States v. Valle-Lassalle, 36 F.Supp.2d 445, 446 (D.P.R.1999).
[4] As with all death penalty cases, there is a possibility that it will not reach the penalty phase. Therefore, the Court shall wait until such time arrives to determine whether defendants' are in risk of prejudice and what if any remedy it deems necessary.

What is more, the Court found only one case where capital defendants were severed for trial and penalty phase. United States v. Green, 324 F.Supp.2d 311, 325-26 (D.Mass. 2004). There the issue revolved around whether the mitigating factors of one defendant would be the aggravating factors of the other. The Court found that proceeding before the same jury would be problematic if the defendants argue for mitigation by shifting blame to the other, or by arguing that they are not as worthy of death as their codefendant." Whether there is a shifting of the blame issue present in the case at bar we cannot determine at this time. Furthermore, this case is not binding upon us and the Court considers there are other alternatives besides empaneling two juries that can safeguard defendants' rights.